Exhibit A

06-4953 JNE/SRN

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE - Personal Injury |

Jessica Baribeau; Jamie Jones; Kate Kibby,
on her own behalf and as guardian for her
minor brother Kyle Kibby; Raphi Rechitsky;
Jake Sternberg; and Christian Utne,

     Plaintiffs,

v.

**SUMMONS**

City of Minneapolis, Inspector Jane Harteau,
Sgt. Tim Hoeppner, Sgt. E.T. Nelson,
Sgt. John Billington, Sgt. D. Pommerenke,
Sgt. Erica Christensen, Officer Tim Merkel,
Officer Roderic Weber, Officer Sherry Appledorn,
Officer Jeanine Brudenell, Officer Robert Greer,
Officer Jane Roe (whose true name is unknown),
Officer John Doe (whose true name is unknown),

Case No. _____

and

County of Hennepin, Sean Kennedy,
Becky Novotny, Sam Smith (whose true name is
unknown), and Officer Mary Jones (whose true
name is unknown),

     Defendants.

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

  You are hereby summoned and required to serve upon the Plaintiff's attorney, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment ...efault will be taken against you for the relief demanded in the Complaint.

SCANNED
DEC 19 2006
U.S. DISTRICT COURT MPLS

You are hereby notified that this case may be subject to an Alternative Dispute Resolution process as set forth under Rule 114 of the Minnesota Rules of Practice for the District Courts.

Dated: 11/22/2006

LAW OFFICE OF JORDAN S. KUSHNER

By_____
Jordan S. Kushner, ID 219307
Attorney for Plaintiff
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE - Personal Injury |

Jessica Baribeau; Jamie Jones; Kate Kibby,
on her own behalf and as guardian for her
minor brother Kyle Kibby; Raphi Rechitsky;
Jake Sternberg; and Christian Utne,

                Plaintiffs,

v.

City of Minneapolis, Inspector Jane Harteau,
Sgt. Tim Hoeppner, Sgt. E.T. Nelson,
Sgt. John Billington, Sgt. D. Pommerenke,
Sgt. Erica Christensen, Officer Tim Merkel,
Officer Roderic Weber, Officer Sherry Appledorn,
Officer Jeanine Brudenell, Officer Robert Greer,
Officer Jane Roe (whose true name is unknown),
Officer John Doe (whose true name is unknown),

and

County of Hennepin, Sean Kennedy,
Becky Novotny, Sam Smith (whose true name is
unknown), and Officer Mary Jones (whose true
name is unknown),

                Defendants.

**COMPLAINT**

JURY TRIAL DEMANDED

Case No. _____

Plaintiffs above-named, for their Complaint against the above-named Defendants, state and allege as follows:

## I. INTRODUCTION

1.    This is an action arising out of incidents on July 22, 2006, in which Defendants deliberately and egregiously violated the rights of Plaintiffs detaining, searching, and

arresting them without any probable cause to believe they committed any crimes and specifically because of Plaintiffs' public acts of artistic and creative political expression. Defendants further persecuted Plaintiff Jake Sternberg by taking his prosthetic leg.

2. Plaintiffs' causes of action include violations of their federal civil rights to exercise Free Speech, and to be free from unreasonable seizures, and deprivation of liberty and property without due process pursuant to 42 U.S.C. § 1983, and discrimination against Plaintiff Sternberg based on his disabilities in violation of 42 U.S.C. § 12132 and Minn. Stat. § 363A.12, and common law claims for false imprisonment, assault and battery, and defamation.

## II. THE PARTIES

3. Plaintiff Jessica Baribeau is a resident of Minneapolis, Minnesota.

4. Plaintiff Jamie Jones is a resident of Minneapolis, Minnesota.

5. Plaintiff Kate Kibby is a resident of Minneapolis, Minnesota.

6. Plaintiff Kyle Kibby, a 17 year old minor, is a resident of Minneapolis, Minnesota.

7. Plaintiff Raphi Rechitsky is a resident of Minneapolis, Minnesota.

8. Plaintiff Jake Sternberg is a resident of the State of California.

9. Plaintiff Christian Utne is a resident of Minneapolis, Minnesota.

10. Defendant City of Minneapolis is a municipality in Hennepin County, Minnesota.

11. Inspector Jane Harteau is, and at all relevant times hereto, was the inspector running the downtown police precinct where Plaintiffs were arrested. Upon information and belief, she participated in the supervision of the actions relating to the arrests

and other illegal actions against Plaintiffs. At all relevant times hereto, Defendant Harteau was acting under color of state law. She is being sued in her personal and official capacities.

12. Sgt. Tim Hoeppner is, and at all relevant times hereto, was a sergeant in the Minneapolis Police Department. He was involved in the searches, seizures, and arrests of Plaintiffs and supervision of said acts. At all relevant times hereto, Defendant Hoeppner was acting under color of state law. He is being sued in his personal and official capacities.

13. Sgt. E.T. Nelson is, and at all relevant times hereto, was a sergeant in the Minneapolis Police Department. He was involved in the searches, seizures and arrests of Plaintiffs and supervision of said acts. At all relevant times hereto, Defendant Nelson was acting under color of state law. He is being sued in his personal and official capacities.

14. Sgt. John Billington is, and at all relevant times hereto, was a sergeant in the Minneapolis Police Department. He was involved in the searches, seizures and arrests of Plaintiffs and supervision of said acts. At all relevant times hereto, Defendant Billington was acting under color of state law. He is being sued in his personal and official capacities.

15. Sgt. D. Pommerenke is, and at all relevant times hereto, was a sergeant in the Minneapolis Police Department. He was involved in the searches, seizures, and arrests of Plaintiffs and supervision of said acts. At all relevant times hereto, Defendant Pommerenke was acting under color of state law. He is being sued in his personal and official capacities.

16. Sgt. Erica Christensen is, and at all relevant times hereto, was a sergeant in the Minneapolis Police Department. She was involved in the searches, seizures and the arrests of Plaintiffs and supervision of said acts. At all relevant times hereto, Defendant Christensen was acting under color of state law. She is being sued in her personal and official capacities.

17. Officer Tim Merkel is, and at all relevant times hereto, was an officer in the Minneapolis Police Department. He was involved in the searches, seizures and arrests of Plaintiffs. At all relevant times hereto, Defendant Merkel was acting under color of state law. He is being sued in his personal and official capacities.

18. Officer Roderic Weber is, and at all relevant times hereto, was an officer in the Minneapolis Police Department. He was involved in the searches, seizures and arrests of Plaintiffs. At all relevant times hereto, Defendant Weber was acting under color of state law. He is being sued in his personal and official capacities.

19. Officer Sherry Appledorn is, and at all relevant times hereto, was an officer in the Minneapolis Police Department. She was involved in the searches, seizures and arrests of Plaintiffs. At all relevant times hereto, Defendant Appledorn was acting under color of state law. She is being sued in her personal and official capacities.

20. Officer Jeanine Brudenell is, and at all relevant times hereto, was an officer in the Minneapolis Police Department. She was involved in the searches, seizures and arrests of Plaintiffs. At all relevant times hereto, Defendant Brudenell was acting under color of state law. She is being sued in her personal and official capacities.

21. Officer Robert Greer is, and at all relevant times hereto, was an officer in the Minneapolis Police Department. He was involved in the searches, seizures and arrests of Plaintiffs. At all relevant times hereto, Defendant Greer was acting under color of state law. He is being sued in his personal and official capacities.

22. Officer Jane Roe and Officer John Doe, whose true names are unknown, are police officers employed by the City of Minneapolis, who participated in searches, seizures,

and arrests of Plaintiffs on July 22, 2006. Defendants Roe and Doe were acting under color of state law. They are being sued in their personal and official capacities.

23. Defendant County of Hennepin is a municipality in the State of Minnesota.

24. Defendant Sean Kennedy is, and at all relevant times hereto, was a nurse employed by Hennepin County. Upon information and belief he was involved in remove and take Plaintiff Sternberg's prosthetic leg while he was incarcerated in the Hennepin County Jail. At all relevant times hereto, Defendant Kennedy was acting under color of state law. He is being sued in his personal and official capacities.

25. Defendant Becky Novotny is, and at all relevant times hereto, was an officer at the Hennepin County Jail. She was involved in taking Plaintiff Sternberg's prosthetic leg while he was incarcerated in the Hennepin County Jail. At all relevant times hereto, Defendant Novotny was acting under color of state law. She is being sued in her personal and official capacities.

26. Officer Sam Smith and Officer Mary Jones, whose true names are unknown, are employed by the Hennepin County Jail and participated in taking Plaintiff Sternberg's prosthetic leg while he was incarcerated at the Hennepin County Jail. Defendants Smith and Jones were acting under color of state law. They are being sued in their personal and official capacities.

### III. FACTUAL BACKGROUND

27. On the evening of July 22, 2006, Plaintiffs were participating in a "zombie dance party" in downtown Minneapolis. A zombie dance party consists of participants wearing costumes and makeup so that they look like zombies, and playing music and dancing while

5

walking to various locations in order to be visible to the public. The purpose of a zombie dance party is to satirize contemporary commercial culture. Some of the Plaintiffs carried homemade musical equipment in their backpacks to play their music.

28. As they walked around and stopped to dance at various locations, many people observed Plaintiffs' zombie dance party, including many Minneapolis police officers. Approximately fifty minutes into the zombie dance party, three Minneapolis police officers approached Plaintiffs. One of the officers stated "We understand you guys are performance artists," requested that Plaintiffs not turn the music too loud or bother anyone, and explicitly gave Plaintiffs permission to continue with their activity.

29. As Plaintiffs were finishing their zombie dance party, approximately four police officers approached them. One of the officers requested to see Plaintiffs' identifications. When Plaintiffs asked why they needed to produce identification, an officer responded that his sergeant ordered the officers to identify Plaintiffs. Some Plaintiffs did not have identification, and so informed the officers. One Plaintiff provided her identification. Another Plaintiff was not willing to produce identification without any reason. The police officers ordered all Plaintiffs to go accompany the officers to the police station. When one Plaintiff asked if they were being detained, the officer responded, "yes." When Plaintiffs arrived at the police station, one of the officers, upon information and belief, Defendant E.T. Nelson, shouted at Plaintiffs, "I don't give a god damn about anybody's constitutional fucking rights!" He told Plaintiffs that their party was not a joke, that he was going to "teach these little fuckers a fucking lesson tonight," and they were all going to jail.

30. The police took all of Plaintiffs' property, placed them in handcuffs,

6

photographed them, and detained them at the police station.

31. While Plaintiff Kyle Kibby was in a holding cell at the police station, a police officer, upon information and belief one of Defendant officers, entered the cell and said, "Come on you four fingered freak, its your turn." She was referring to Kyle Kibby's right hand which was diagnosed with radial club arm since birth. Kyle Kibby was then taken to the juvenile detention center where was held for about two days.

32. The police then escorted the other Plaintiffs to a police van while handcuffed, and transported them to the Hennepin County Jail. While transporting Plaintiffs, the police driver purposely sped up and then quickly stopped repeatedly, thereby causing handcuffed Plaintiff to be jerked around. Plaintiffs were kept in the van for about an hour, with very hot temperatures and inadequate ventilation, causing them to become drenched with sweat and endure other physical suffering.

33. Plaintiffs were informed that they were being sent to jail based on a charge of Simulated Weapons of Mass Destruction. It was obvious that Plaintiffs were merely carrying musical equipment. They were using it play music and dance. The musical equipment had no resemblance to weapons of mass destruction, and its purpose and use could easily be ascertained. Plaintiffs were nevertheless incarcerated for approximately two full days until July 24, 2006 as a result of this baseless allegation. Plaintiffs were ultimately not charged by any prosecution authorities with any crime as a result of the incidents on July 22, 2006.

34. After Plaintiff Sternberg was booked into the jail, Defendant Novotny ordered him to remove his prosthetic leg. She claimed that the nurse ordered him to remove his leg. Upon information and belief, the nurse on duty was Sean Kennedy. Mr. Sternberg was

7

never given a specific explanation why his leg was taken, and was given conflicting explanations about who was responsible for the decision. Mr. Sternberg therefore had to remain in a wheelchair while he was in jail, whereas he could have otherwise functioned normally. Mr. Sternberg continued to request the return of his leg while in jail, but was never given an explanation why he could not have it.

35. As a result of Defendants' actions, Plaintiffs have suffered damages including but not limited to mental distress, pain and suffering, humiliation and embarrassment, harm to their reputations, the invasion of their persons and freedom, property damage, economic losses, and other losses and damages, altogether in excess of $50,000.

## IV. CAUSES OF ACTION

### A. ACTIONS AGAINST MINNEAPOLIS AND ITS POLICE OFFICERS

### COUNT 1 - VIOLATIONS OF 42 U.S.C. § 1983 - ILLEGAL SEARCH AND SEIZURE

36. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 33 of this Complaint.

37. Defendants, acting under color of state law, deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourth and Fourteenth Amendment protections against unreasonable searches and seizures, by seizing, detaining, searching, arresting and jailing Plaintiffs without any cause to believe that they had committed a crime, and by using unnecessary or excessive force in the process of said detentions and arrests.

38. As a result of Defendants' conduct, Plaintiffs suffered the damages described in paragraph 33 of this Complaint.

8

## COUNT 2- VIOLATIONS OF 42 U.S.C. § 1983 - DUE PROCESS

39. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 36 of this Complaint.

40. Defendants, acting under color of state law, deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fifth and Fourteenth Amendment protections of deprivation of liberty without Due Process of Law. Defendants violated Plaintiffs' substantive Due Process rights by arresting them with no justification whatsoever and in retaliation for their political expression, by making up entirely baseless, inflammatory and defamatory charges against Plaintiffs, and by preventing Plaintiffs from their rights to freely associate and travel.

41. As a result of Defendants' conduct, Plaintiffs suffered the damages described in paragraph 33 of this Complaint.

## COUNT 3 - VIOLATIONS OF 42 U.S.C. § 1983 - FREE SPEECH

42. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 39 of this Complaint.

43. Defendants, acting under color of state law, deprived Plaintiff of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of theirs First Amendment Right to Free Speech by harassing, seizing, detaining, arresting, brutalizing and otherwise discriminating and retaliating against them for exercising their basic and fundamental right to engage in artistic and political expression.

44.    As a result of Defendants' conduct, Plaintiffs suffered the damages described in paragraph 33 of this Complaint.

### COUNT 4 - VIOLATIONS OF 42 U.S.C. § 1983 - CONSPIRACY

45.    Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 42 of this Complaint.

46.    Defendants, acting under color of state law, deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by conspiring among themselves and with others to violate Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments, in connection with the unlawful seizure, detention, and arrest, use of unnecessary force, false criminal allegations against Plaintiffs.

47.    As a result of Defendants' conduct, Plaintiffs suffered the damages described in paragraph 33 of this Complaint.

### COUNT 5 - VIOLATIONS OF 42 U.S.C. § 1983 - FAILURE TO ADEQUATELY TRAIN AND SUPERVISE

48.    Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 45 of this Complaint.

49.    Defendant City of Minneapolis failed to properly train and supervise Defendant police officers in a manner amounting to deliberate indifference to the constitutional rights of the Plaintiffs and of other citizens.  By failing to adequately train and supervise Defendant police officers, deputies and employees, Defendants City and County encouraged and implicitly authorized Defendants to unlawfully seize and arrest Plaintiffs and violate their First Amendment Rights and use excessive force, thereby depriving Plaintiffs of their rights under the

U.S. Constitution and 42 U.S.C. § 1983. The City of Minneapolis has maintained an ongoing practice and custom that continue with the incidents described in this Complaint, which includes but is not limited to a pattern of police persecution and violations of constitutional rights of persons engaged in controversial political expression, and failing to take reasonable action in response to individual Defendant police officers who have a known history of intentional violations of the rights and safety of citizens.

50. As a result of Defendants' conduct, Plaintiffs suffered the damages described in paragraph 33 of this Complaint.

## COUNT 6 - FALSE IMPRISONMENT

51. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 48 of this Complaint.

52. Defendants, by their above-described actions, wrongfully, illegally, and unjustifiably confined and restrained Plaintiffs without their consent, and thereby falsely imprisoned them.

53. As a result of Defendants' conduct, Plaintiffs suffered the damages described in paragraph 33 of this Complaint.

## COUNT 7 - ASSAULT AND BATTERY

54. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 51 of this Complaint.

55. Defendants by their above-described conduct, including but not limited to handcuffing Plaintiffs and confining Plaintiffs in a vehicle with handcuffs while driving them around in a manner and excessively confining them in a manner intended to cause bodily harm

11

and fear of bodily harm, engaged in harmful and offensive, and unconsented physical contact against Plaintiffs that caused them to suffer injury and fear of physical injury, thereby committing assault and battery.

56. As a result of Defendants' conduct, Plaintiffs suffered the damages described in paragraph 33 of this Complaint.

## COUNT 8 - DEFAMATION

57. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 54 of this Complaint.

58. Defendants by their above-described conduct, falsely accused Plaintiffs of criminal conduct of a scandalous and inflammatory nature, and thereby defamed Plaintiffs. Said statements were made with malice against Plaintiffs thereby overcoming any privilege.

59. As a result of Defendants' conduct, Plaintiffs suffered the damages described in paragraph 33 of this Complaint.

## B. ACTIONS AGAINST HENNEPIN COUNTY AND ITS EMPLOYEES

## COUNT 9 - DISABILITY DISCRIMINATION

60. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 57 of this Complaint.

61. As a result of his missing leg, Plaintiff Jake Sternberg has a physical impairment that substantially limits one or more of his major life activities, and therefore has a disability within the meaning of the Federal Americans with Disabilities Act and Minnesota Human Rights Act.

62. The Hennepin County Jail and its medical services are public services

provided by Defendant Hennepin County within the meaning of Title II of the Federal Americans with Disabilities Act, and the Minnesota Human Rights Act.

63. By its above-described actions, Defendants Hennepin County and its agents discriminated against Mr. Sternberg because of his disability by denying him benefits of services and programs because of his disabilities, and failing to accommodate Mr. Sternberg's disabilities, in violation of 42 U.S.C. § 12132 and Minn. Stat. § 363A.12.

64. As a result of Defendants' conduct, Plaintiff Sternberg suffered the damages described in paragraph 33 of this Complaint.

### COUNT 10 - VIOLATIONS OF 42 U.S.C. § 1983 - DUE PROCESS

65. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 62 of this Complaint.

66. Defendants, acting under color of state law, deprived Plaintiff Sternberg of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fifth and Fourteenth Amendment protections of deprivation of liberty without Due Process of Law. Defendants violated Plaintiff's substantive Due Process rights by depriving him of his prosthetic leg without any justification and in malicious retaliation for his exercise of his right to free expression.

67. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 33 of this Complaint.

### COUNT 11 - VIOLATIONS OF 42 U.S.C. § 1983 - ILLEGAL SEIZURE

68. Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 65 of this Complaint.

69. Defendants, acting under color of state law, deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourth and Fourteenth Amendment protections against unreasonable searches and seizures, by illegally taking his leg without any justifiable basis.

70. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 33 of this Complaint.

## V. RELIEF REQUESTED

WHEREFORE Plaintiffs pray for Judgment in his favor as follows:

1. Awarding judgment in favor of Plaintiff against the Defendants and each of them jointly and severally in an amount in excess of $50,000.00 as and for compensatory damages.

2. Awarding judgment in favor of Plaintiff against the Defendants and each of them jointly and severally, punitive damages

3. Granting declaratory judgment that the arrests of Plaintiffs were illegal and unconstitutional, and the taking of Plaintiff Sternberg's prosthetic leg was an act of illegal discrimination.

4. Awarding Plaintiffs all their costs and disbursements herein, and prejudgment interest.

5. Awarding Plaintiffs' reasonable attorney fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12133, and Minn. Stat. § 363A.33, subd. 7.

6. Such other and further relief as the Court may deem just and proper.

Dated: November 22, 2006

LAW OFFICE OF JORDAN S. KUSHNER

By_____
Jordan S. Kushner, ID 219307
Attorney for Plaintiff
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

The Plaintiffs, by their undersigned attorney, hereby acknowledge that, pursuant to Minn. Stat. § 549.211, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party in this litigation.

Dated: November 22, 2006

By_____
Jordan S. Kushner, ID 219307
Attorney for Plaintiff

15



**Minneapolis**
*City of Lakes*

**Office of the City Attorney**
Jay M. Heffern
City Attorney

333 South 7th Street - Suite 300
Minneapolis MN 55402-2453

| | |
|---|---|
| Office | 612 673-2010 |
| Civil Division Fax | 612 673-3362 |
| Criminal Division Fax | 612 673-2189 |
| MCDA Fax | 612 673-5112 |
| TTY | 612 673-2157 |

December 19, 2006

RECEIVED

06 DEC 19 PM 3: 26

CLERK U.S. DIST COURT
MINNEAPOLIS, MN

*party waiting*

Clerk of Court
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re:   <u>Jessica Baribeau, et al vs. City of Minneapolis</u>

Dear Court Administrator:

Enclosed for filing relative to the above-referenced matter please find Defendants' Notice of Removal of Action to Federal Court and Demand for Jury Trial, Civil Cover Sheet and filing fee in the above-referenced matter.

Yours very truly

JAMES A. MOORE
Assistant City Attorney
(612) 673-2063

Enclosures

cc:   Jordan Kushner, Esq.
      Michael Miller, Esq.

JAM:hhp\PM\06-22380

www.ci.minneapolis.mn.us
Affirmative Action Employer