UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jessica Baribeau; Jamie Jones, Kate Kibby, on her own behalf and as guardian for her minor brother Kyle Kibby; Raphi Rechitsky; Jake Sternberg; and Christian Utne,** | Civil No. 06-4953 (JNE / SRN) |
| **Plaintiffs,** | **REPORT & RECOMMENDATION** |
| v. | |
| **City of Minneapolis, Inspector Jane Harteau, Sgt. Tim Hoeppner, Sgt. E.T. Nelson, Sgt. John Billington, Sgt. D. Pommerenke, Sgt. Erica Christensen, Officer Tim Merkel, Officer Roderic Weber, Officer Sherry Appledorn, Officer Jeanine Brudenell, Officer Robert Greer, Officer Jane Roe (true name unknown), Officer John Doe (true name unknown),** | |
| and | |
| **County of Hennepin, Sean Kennedy, Becky Novotny, Sam Smith (true name unknown) and Officer Mary Jones (true name unknown),** | |
| **Defendants.** | |

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415, for Plaintiffs.

Michael B. Miller, Senior Assistant County Attorney, Hennepin County, 2000A Government Center, Minneapolis, MN 55487, for the Hennepin County Defendants.

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge on the

Hennepin County Defendants' Motion To Dismiss (Doc. No. 3). The matter has been referred to

the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a).  For the reasons stated below, the Court recommends that the motion be denied.

## I.   FACTUAL AND PROCEDURAL HISTORY

This action arises from the arrest and detention of Plaintiffs, who were performing a "zombie dance party," which they describe as dancing in costume to music in various public spaces in order to satirize contemporary commercial culture.  City of Minneapolis police arrested Plaintiffs on a charge of Simulated Weapons of Mass Destruction and took them to the Hennepin County Jail.  Plaintiffs allege a variety of abusive behavior by the police during their trip to jail.

Once at the jail, Officer Becky Novotny ordered Plaintiff Jake Sternberg to remove his prosthetic leg and confiscated it for the duration of his two-day incarceration.  He alleges that despite his requests for the return of his leg, he "had to remain in a wheelchair while he was in jail, whereas he could have otherwise functioned normally."  (Doc. No. 1-2, ¶ 34.)  Plaintiffs were never charged with violating any law.

Plaintiffs then filed a 14-page Complaint, setting forth (1) eight causes of action against the City of Minneapolis and certain of its police officers (the "City of Minneapolis Defendants"), including Section 1983 claims for illegal search and seizure, due process, free speech, conspiracy and failure to train and supervise, as well as state law claims for false imprisonment, assault and battery, and defamation, and (2) three causes of action against Hennepin County and certain of its police officers (the "Hennepin County Defendants").[1]  (Doc. No. 1-2, ¶¶ 36-59.)  With respect

---

[1] The present motion is brought by only the Hennepin County Defendants.  Nevertheless, for purposes of brevity, this court will refer to them simply as "Defendants."  Moreover, their motion seems to pertain only to the claims brought by Jake Sternberg, insofar as only Mr. Sternberg used an artificial leg, the taking of which is the basis of the claims against the movants.

to the Hennepin County Defendants, Plaintiffs alleged (1) a claim for "Disability Discrimination" based on the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), and on the Minnesota Human Rights Act, Minn. Stat. § 363A.12, (2) a Section 1983 claim for "violation of the Fifth and Fourteenth Amendment protections of deprivation of liberty without Due Process of Law," and (3) a Section 1983 claim for "violation of the Fourth and Fourteenth Amendment protections against unreasonable searches and seizures, by illegally taking his leg without any justifiable basis." (Id. ¶¶ 60-70.)

The Hennepin County Defendants now move to dismiss "the case with prejudice with respect to [them]," based "upon the ground that the Complaint fails to state a claim upon which relief can be granted against these defendants." (Doc. No. 3.) At the hearing on this motion, the Court ordered the parties to file supplemental briefing on the issue of the degree of specificity required to properly plead a claim under Section 1983.

## II.   DISCUSSION

Pursuant to Rule 12(b)(6), the Hennepin County Defendants move to dismiss Jake Sternberg's ADA claim, arguing that the Complaint fails to state a claim for which relief can be granted. (Mem. at 2.)[2] They contend that the Complaint "is legally insufficient because (1) he has failed to allege that he was denied any public benefit because of his disability; (2) he cannot

---

[2] Defendants have included a variety of materials that they assert may be considered by this Court on a Rule 12 motion without converting it into a Rule 56 motion for summary judgment. (Mem. at 4-5.) The Court declines to consider such materials because on a Rule 12(b)(6) motion "the court generally must ignore materials outside the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Although a court may consider "'materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings,'" id., none of the materials relied on by Defendants here fall into these exceptions to the rule. In any event, none of these materials are pertinent to the issue of the sufficiency of the Complaint, but rather appear to go to the merits.

allege that he was denied reasonable accommodation for his disability; and (3) he has failed to allege intentional discrimination, as required for a claim for compensatory damages." (Id. at 3.)[3]

A federal court may not "apply a 'heightened pleading standard'–more stringent than the usual pleading requirements of Rule 8(a) . . .–in civil rights cases alleging municipal liability under" Section 1983. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993). Under the "liberal system of 'notice pleading' set up by the Federal Rules," a complaint need "include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 168 (quoting Rule 8(a)(2)).[4]

> "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).[5]

---

[3] In their Reply Memorandum, Defendants assert that their motion to dismiss applies equally to Plaintiffs' claim under the Minnesota Human Rights Act. (Reply Mem. at 4.) Defendants also challenged the Plaintiffs' constitutional claims. (Id. at 5-7.)

[4] The only exceptions are for averments of fraud and mistake. Fed. R. Civ. P. 9(b).

[5] This Court recognizes that the United States Supreme Court has recently abrogated the language in Conley v. Gibson, 355 U.S. 41 (1957), that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1968-69 (2007). As the Court explained, the "no set of facts" phrasing should not be read literally to permit pleadings that "left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." 127 S. Ct. at 1968. Rather, the "accepted pleading standard" is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. But the Supreme Court did not retreat from its holdings in Leatherman. See id. at 1973 n. 14 (relying on Leatherman). In fact, the Court reaffirmed the principle that "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Id. at 1969 n.8. Moreover, it is evident that even after Twombly the Court still adheres to the minimal pleading standard reflected in Rule 8(a)(2), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled

4

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff need not plead a *prima facie* case of discrimination.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002) ("The prima facie case . . . is an evidentiary standard, not a pleading requirement".).  Rule 8(a)(2)'s simplified pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. at 512.  "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding" and "claims lacking merit may be dealt with through summary judgment under Rule 56." Id. at 514.

Although Leatherman concerned only municipal liability, the Supreme Court clarified in Swierkiewicz that "Rule 8(a)'s simplified pleading standard applies to all civil actions" except for "averments of fraud or mistake." Id. at 513.  Accordingly, the Eighth Circuit has recognized that the ruling in Leatherman extends beyond "1983 suits against municipalities" and also applies to such suits against "individual defendants." Doe v. Cassel, 403 F.3d 986, 988-89 & n.3 (8th Cir. 2005) (abrogating heightened pleading requirement of Edgington v. Missouri Dept. of Corr., 52 F.3d 777 (8th Cir. 1995), and noting that other circuits have likewise done so).  "A complaint should not be dismissed, nor a cause of action pled therein ignored, merely because it does not state with precision all elements that give rise to a legal basis for recovery." Smith v. Ouachita Tech. College, 337 F.3d 1079, 1080 (8th Cir. 2003) (reversing dismissal of civil rights claim).

Rather, to comply with Rule 8(a)(2), "a claimant need not 'set out in detail the facts upon which he bases his claims,' but must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Gardner v. First Amer. Title Ins. Co., 294 F.3d 991,

---

to relief.'" Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).

994 (8th Cir. 2002) (quoting Swierkiewicz, 534 U.S. at 512).  In fact, the Supreme Court has recently reaffirmed this basic pleading principle:

> Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. ___, ___, 127 S. Ct. 1955, . . . (2007) . . . (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, . . . (1957)).

Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).

Here, the Complaint first recounted the facts of Plaintiffs' arrest, their trip to the County jail and their booking into jail, during which Mr. Sternberg's artificial leg was taken.  (Doc. No. 1-2, ¶¶ 27-35.)  The Complaint then enumerated the individual causes of action, separating the eight claims against the City of Minneapolis and its police officers (id., ¶¶ 36-59), from the three that were directed at Hennepin County and its employees (id., ¶¶ 60-70).  Each cause of action expressly identified the statutory or constitutional basis for each claim–for example, the Americans With Disabilities Act, 42 U.S.C. § 12132 (id. ¶ 63), and the Fourth, Fifth and Fourteenth Amendments (id. ¶¶ 66, 69).  The Complaint also explained the basis for each claim, stating, for example, that the ADA claim was based on Defendants having "discriminated against Mr. Sternberg because of his disability by denying him benefits of services and programs because of his disabilities, and failing to accommodate Mr. Sternberg's disabilities."  (Id. ¶ 63.)

This satisfies the minimal requirements of Rule 8 and thus precludes dismissal under Rule 12(b)(6).  See Hopkins v. Saunders, 199 F.3d 968, 973-74 (8th Cir. 1999) (holding that Complaint "alleged sufficient facts to put the officials on notice of Hopkins' First Amendment and Title VII claims" even though it did "not assert [those] claims in separately numbered counts, as it [did] his due process and whistleblower claims" because "factual allegations suggest[ed] First Amendment and Title VII claims").

Defendants' present arguments are addressed more to whether Plaintiffs can ultimately

prevail on the merits.  For example, Defendants first contend that "Sternberg has not made a *prima facie* claim under the ADA" because "he has not alleged that he was denied the benefit of any public service at the jail." (Mem. at 5.)  But as discussed above, the Complaint need not establish a *prima facie* case to survive a Rule 12 motion.  Such a standard is more relevant to a summary judgment motion.  Indeed, Randolph v. Rodger, upon which Defendants rely for the elements of a *prima facie* claim under the ADA, was decided on summary judgment.  170 F.3d 850, 854, 856 (8th Cir. 1999).  Likewise, Damron v. North Dakota Comm'r of Corr., 299 F. Supp. 2d 970, 974-75 (D.N.D. 2004), upon which Defendants rely for the proposition that taking Mr. Sternberg's leg does not violate the ADA, was decided on summary judgment.

Similarly, Defendants next argue that Sternberg "cannot prove a *prima facie* case of failure of reasonable accommodation." (Mem. at 7.)  But again, the authority on which Defendants rely regarding the elements of a *prima facie* case under the ADA concerns summary judgment, not a Rule 12 motion to dismiss.  Huberty v. Washington County Hous. & Redevelopment Auth., 374 F. Supp. 2d 768, 772 (D. Minn. 2005).

Finally, Defendants assert that even if Sternberg would have properly alleged a *prima facie* case under the ADA his claim must still be dismissed because he "has not alleged intentional discrimination," which is necessary to state a claim for compensatory damages. (Mem. at 9.)  Noting that the "Eighth Circuit has not yet addressed" the issue of whether compensatory damages are limited to cases involving intentional discrimination, Defendants rely on cases from other circuits, primarily the Ninth Circuit's decision in Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001).  (Mem. at 9-10.)  But again, Duvall was decided on

7

summary judgment, not a Rule 12 motion to dismiss. 260 F.3d at 1129.[6]

In essence, each of Defendants' arguments address the merits of Plaintiffs' claims. But the purpose of a Rule 12(b)(6) motion "is to test the formal sufficiency of the statement of the claim for relief" and thus it is "not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Wright and Miller, Federal Practice and Procedure § 1356, at p. 354 (3d ed. 2004). Only when the complaint "fails to meet the liberal pleading standard [of Rule 8(a)(2)] is it subject to dismissal under Rule 12(b)(6)." Id. at 366-68. Thus a motion to dismiss "must be distinguished from a motion for summary judgment under Rule 56, which goes to the merits of the claim." Id. at 372. As the Supreme Court recently reiterated, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1969 n.8 (2007).

In their Supplemental Memorandum, Defendants claim that the "basis of the present motion is not that plaintiff did not plead his claim against these defendants with sufficient specificity; it is that, given the facts alleged, plaintiff cannot meet the *prima facie* elements of any of the constitutional claims made." (Supp. Mem. at 5.) But again, such an argument is directed to the merits and the cases on which it relies were decided on summary judgment. (See id. (citing e.g. Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004) (addressing Rule 56

---

[6] In any event, here the Complaint seems to fairly put Defendants on notice that Plaintiffs were alleging intentional discrimination as it begins by asserting that "Defendants deliberately and egregiously violated the rights of Plaintiffs." (Doc. No. 1-2, ¶ 1 (emphasis added).)

standard).)[7]

**III.   CONCLUSION**

The Complaint satisfies the governing notice-pleading standard under Rule 8, which requires only that Plaintiffs provide a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

**IV.   RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.   Defendant's motion to dismiss (Doc. No. 3) be DENIED.

Dated:  June 18, 2007

   s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by July 3, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not

---

[7] Defendants also cite <u>Liggins v. Morris</u>, 749 F. Supp. 967 (D. Minn. 1990) in support of their argument that the claims should be dismissed.  (Supp. Mem. at 3.)  But <u>Liggins</u> was decided on summary judgment, not a Rule 12 motion to dismiss.  Moreover, the prohibition articulated in <u>Liggins</u> against pleading Section 1983 claims in a "shotgun manner" addresses a different issue than the requirements of Rule 8 and the standard under Rule 12.  <u>Id.</u> at 971.  The court in <u>Liggins</u> cautioned plaintiffs to not assert "all possible constitutional violations and all common law claims . . . on behalf of all plaintiffs against all named defendants."  <u>Id.</u> at 970-71.  The <u>Liggins</u> court was thus addressing the issue of an excessively broad complaint–asserting every theoretically possible claim–and the issue of failing to identify which particular claims were properly directed to which particular defendant.  Here, in contrast, the issue is whether Plaintiffs have properly plead their claims.  There is no true <u>Liggins</u> issue of shotgun pleading here because Plaintiffs have not only not pled every possible claim, they also have separated the claims against the City and its officials from the claims against the County and its officials.

constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.